CV-07-10444 (SHS) (FM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBBIE ALMONTASER,

                              Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION;
JOEL KLEIN, individually and in his official capacity as
Chancellor of the New York City Department of
Education; ROSEMARY STUART, individually and in
her official capacity as Community Superintendent of
District 15 and Hiring Manager; CITY OF NEW YORK;
MICHAEL BLOOMBERG, individually and in his
official capacity as Mayor of the City of New York;
DENNIS WALCOTT, individually and in his official
capacity as Deputy Mayor for Education and Community
Development,

                              Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN
REPLY TO PLAINTIFF'S SUPPLEMENTAL
MEMORANDUM OF LAW**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*
*Of Counsel:  Paul Marks*
*Tel:  (212) 212-788-0884*
*Law Manager No. 2007-038024*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

DEBBIE ALMONTASER,

                              Plaintiff,

-against-                                    CV-07-10444 (SHS) (FM)

NEW YORK CITY DEPARTMENT OF EDUCATION;
JOEL KLEIN, individually and in his official capacity as
Chancellor of the New York City Department of
Education; ROSEMARY STUART, individually and in her
official capacity as Community Superintendent of District
15 and Hiring Manager; CITY OF NEW YORK;
MICHAEL BLOOMBERG, individually and in his official
capacity as Mayor of the City of New York; DENNIS
WALCOTT, individually and in his official capacity as
Deputy Mayor for Education and Community
Development,

                              Defendants.

------------------------------------------------------------------x

## DEFENDANTS' MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW

### PRELIMINARY STATEMENT

On November 30, 2007, plaintiff submitted a Supplemental Memorandum of Law in support of Motion for Preliminary Injunctive Relief ("Plaintiff's Supplemental Memo of Law") to assert arguments that were not contained in her initial memorandum of law that was filed on November 19, 2007. According to plaintiff, the purpose of her new memorandum of law is to address "the issue of plaintiff's entitlement to an impartial decision maker" on her application for

the position of principal at the Khalil Gibran International Academy ("KGIA"). See Plaintiff's Supplemental Memo of Law, p. 1.

As the Court is aware, plaintiff seeks an injunction directing that: (a) her application be considered by the Level I Committee of the C-30 process; and (b) her application be "given final consideration by a disinterested person." Defendants have argued that plaintiff is not entitled to such relief, because it would prohibit the Community School District Superintendent from exercising the power granted to her by New York Education Law §2590-f(1)(e) and prohibit the Chancellor from exercising the power granted to him by New York Education Law §2590-i(2)(c). See Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for a Preliminary Injunction ("Defendants' Memo of Law"), p. 5. Moreover, as discussed below, such an injunction is simply unworkable because it does not take into account the four applicants that defendant Stuart selected to be interviewed by the Level I Committee, and whom plaintiff acknowledges that Stuart may consider for the position for principal of KGIA.

At the hearing on November 30, 2007, the Court observed that plaintiff is asking the Court "on a preliminary basis to mandate a procedure contrary to that set forth in [the] C-30 regulation and the statute[s] of the State of New York." See Transcript of November 30, 2007 hearing, p. 20). None of the cases relied upon by plaintiff in her Supplemental Memo of Law support her contention that she is entitled to such relief. On the contrary, the muddled arguments made by plaintiff in her new memorandum of law, reflect, at best, a profound ignorance of the principles of due process that are applicable in the employment context.

Plaintiff advances three arguments in support of her contention that she is entitled to the relief of a "disinterested person" considering her application. First, plaintiff asserts that "a decision made by a public body is required to be made by an impartial decision maker." See

Plaintiff's Supplemental of Law, p. 2. Second, plaintiff contends she is entitled to the relief that she seeks because she has a liberty interest in the position for which she is applying. See Plaintiff's Supplemental Memo of Law, pp. 3-4. Third, plaintiff states the obvious - - that it is unlawful for the government to refuse to hire an applicant because of the exercise of speech protected by the First Amendment. See Plaintiff's Supplemental Memo of Law, pp. 4-5. The first two of these arguments lack any legal basis whatsoever. The third simply restates plaintiff's Amendment retaliation claim in a different form, and thus defendants will not respond to it because they have already addressed plaintiff's First Amendment claim in their initial memorandum of law.

## POINT I

## THE FORGOTTEN FOUR

Despite the fact that plaintiff obviously believes that she has an inalienable right to the position of principal of KGIA, it must be remembered that there are four applicants for the position that were interviewed by the Level I Committee. See Transcript of the November 26, 2007 Deposition of Rosemary Stuart ("Stuart Dep."), pp. 149, 152. Under the C-30 process, defendant Stuart can consider only those four applicants, and if she decides not to appoint a principal from this group, the C-30 process would start anew. See Stuart Dep., p. 154. Plaintiff has yet to explain how, under the injunction she seeks, the applications of these four candidates would be considered. In this regard, defendants note that plaintiff expressly advised the Court that she was not seeking to enjoin defendant Stuart from considering those applicants, only that defendant Stuart not be permitted to consider *her* application. Thus, even assuming that it would be proper for the Court to direct that a "disinterested person" consider plaintiff's application, there is a fundamental flaw in such an injunction because it does not address the issue of who would make the final determination on the five applicants - - the four that may be considered by

3

defendant Stuart and one -- plaintiff -- who would be considered by the "disinterested person." Certainly the mysterious "disinterested person" could not make a final decision on plaintiff's application without considering the other four applicants, and yet plaintiff does not seek such relief, which in any event would run even further afoul of the C-30 regulation and the New York Education Law. In short, the relief sought by plaintiff leads to a dead end, which is yet another reason that the Court should deny her motion.

## POINT II

**PLAINTIFF DOES NOT POSSESS EITHER A PROPERTY INTEREST OR A LIBERTY INTEREST IN THE POSITION OF PRINCIPAL OF KGIA. ACCORDINGLY, PLAINTIFF'S DUE PROCESS CLAIM SHOULD BE DISMISSED.**

**Plaintiff does not have a property interest either in the position of interim-acting principal of KGIA or in the position of principal of KGIA**

Plaintiff does not argue, nor could she, that she has a property interest either in her position as interim-acting principal of KGIA or in the position for which she applied. At her deposition, plaintiff acknowledged that she could be removed as interim-acting principal without charges and a hearing and that a principal for KGIA would be selected through the C-30 process. See Transcript of the November 27, 2007 Deposition of Debbie Almontaser, pp. 41-43. Moreover, plaintiff also does not have a property interest in the position for which she applied. It has been repeatedly held that an applicant for a job has no property interest in the job. McMenemy v. City of Rochester, 241 F.3d 279, 286-88 (2d Cir. 2001) (Lieutenant in fire department had no property interest in "fair consideration" for promotion to Captain); Donato v. Plainview-Old Bethpage Central School District, 96 F.3d 623, 629 (2d Cir. 1996) (an applicant has only an "unprotected unilateral expectation" of employment); Schwartz v. Mayor's Committee on the Judiciary, 816 F.2d 54, 57 (2d Cir. 1987) (incumbent judge who applied for

4

reappointment had no property interest in reappointment: "the fact that many, or even most, incumbent judges have been reappointed cannot operate to raise appellant's 'subjective expectation' to constitutionally protected right, especially when doing so would contradict the relevant statutes and rules."); Rivera v. City of New York, 392 F.Supp. 2d 644, 652 (S.D.N.Y. 2005 (applicant for position of Police Officer had no property interest in appointment); Levine v. McCabe, 357 F.Supp. 2d 608, 617-618 (E.D.N.Y. 2005) (retired judge who applied for position of Judicial Hearing Officer had no property right to be selected).

**Plaintiff does not have a liberty interest in the position of principal of KGIA**

Plaintiff argues that she is "entitled to an impartial decision-maker on her application for the principal position as a matter of due process, since she has a liberty interest in the position." See Plaintiff's Supplemental Memo of Law, p. 4. According to plaintiff, her liberty interest:

> arises from the fact that she was forced to resign as acting principal and the DOE announced that it would not rehire her because of the exercise of her free speech rights. The cases are legion which hold that both the discharge and refusal to hire a public employee, based upon the employee's or applicant's exercise of her free speech rights are prohibited, and any such action invests the employee with a liberty interest in the position.

See Id. Contrary to plaintiff's assertion, there is no "legion" of cases holding that either the discharge or refusal to hire a public employee, in retaliation for that person's exercise of his or her First Amendment right of free speech, creates a liberty interest in the employee's former or potential job. It is doubtful that there are any such cases, at least in the Second Circuit. The three Supreme Court cases cited by plaintiff on pages 3-4 of her Supplemental Memo of Law as articulating this principle, Perry v. Sinderman, 408 U.S. 593 (1972), Board of Regents v. Roth, 408 U.S. 564 (1974) and Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274 (1977) say nothing of the sort. It is apparent that plaintiff simply does not understand

5

the difference between a First Amendment retaliation claim and a claim for deprivation of a liberty interest protected by the Fourteenth Amendment.

Mount Healthy was a pure First Amendment retaliation case. There was no claim of a deprivation of a liberty interest. In Perry v. Sinderman, 408 U.S. at 598, n.5, and Board of Regents v. Roth, 408 U.S. at 575, n.14 the Supreme Court reached a conclusion directly *opposite* to that for which they are cited by plaintiff. In Sinderman, the Court observed: "The Court of Appeals suggested that respondent might have a due process interest to some kind of hearing if he asserts to college officials that their decision was based on constitutionally protected conduct. 420 F.2d at 944. We have rejected this approach in Board of Regents v. Roth, *ante,* at 575 n. 14." In the footnote in Roth that the Court referred to in Sinderman, the Court stated:

> When a State would directly impinge upon interests in free speech or free press, this Court has on occasion held that the opportunity for a fair adversary hearing must precede the action . . . Thus, we have required fair notice and opportunity for an adversary hearing before an injunction is issued against the holding of rallies and public hearings. Similarly, we have indicated the necessity of procedural safeguards before a State makes a large-scale seizure of a person's allegedly obscene books, magazines and so forth . . . In the respondent's case, however, the State has not directly impinged upon interests in free speech or free press in any way comparable to a seizure of books or an injunction against meetings. *Whatever may be a teacher's rights of free speech, the interest in holding a teaching job at a state university, simpliciter, is not itself a free speech interest.*

Sinderman, 408 U.S. at 575, n. 4 (emphasis added) (citations omitted). Thus, in both Roth and Sinderman, the Supreme Court expressly rejected the notion that a public employee's assertion of a violation of his or her right to free speech implicates either a liberty or property interest protected by the Fourteenth Amendment. Moreover, the holding in Roth makes clear that plaintiff herein, who claims only that she was not considered for one job, that of principal of KGIA, cannot maintain a claim for an alleged deprivation of a liberty interest: "[O]n the record

6

before us, all that clearly appears is that respondent was not hired for one year at one university. It stretches the concept too far to suggest that a person is deprived of 'liberty' when he simply is not rehired in a job but remains free as before to seek another." (citation omitted). See also Schwartz, 816 F.2d at 57; Levine, 357 F.Supp.2d at 618. Plaintiff herein is also free to seek another principal position.

Because plaintiff does not have a constitutionally protected liberty or property interest in the position of principal of KGIA, she is not entitled to any sort of due process hearing in connection with her application for that position, much less consideration of her application by a "disinterested person." Thus, the cases cited by plaintiff on pages 2-3 of her Supplemental Memo of Law, which in any event do not support her contention that "a decision made by a public body is required to be made by an impartial-decision maker," need not be addressed because a due process hearing would only be required if plaintiff possessed a property interest or liberty interest protected by the Fourteenth Amendment. Accordingly, the Court should dismiss plaintiff's due process claim.

## **CONCLUSION**

For the foregoing reasons, as well as for the reasons set forth in Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for a Preliminary Injunction, the Court should deny plaintiff's motion for a preliminary injunction, and grant such other and further relief as the Court deems just and proper.

Dated:    New York, New York
             December 3, 2007

                                            MICHAEL A. CARDOZO
                                            Corporation Counsel of the
                                             City of New York
                                            Attorney for Defendants
                                            100 Church Street, Room 2-101
                                            New York, New York 10007
                                            (212) 788-0884

                                            By: _____
                                                  PAUL MARKS (PM 9558)
                                                 Assistant Corporation Counsel

PAUL MARKS,
MARIO FRANGIOSE,
    Of Counsel.