UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

DEBBIE ALMONTASER,

                     Plaintiff,

      -against-

NEW YORK CITY DEPARTMENT OF EDUCATION;
JOEL KLEIN, individually and in his official capacity as
Chancellor of the New York City Department of
Education; ROSEMARY STUART, individually and in
her official capacity as Community Superintendent of
District 15 and Hiring Manager; CITY OF NEW YORK;
MICHAEL BLOOMBERG, individually and in his
official capacity as Mayor of the City of New York;
DENNIS WALCOTT, individually and in his official
capacity as Deputy Mayor for Education and Community
Development,

                                   Defendants.

------------------------------------------------------------------- x

**ANSWER TO THE
SECOND AMENDED
COMPLAINT**

CV-07-10444
(SHS) (FM)

Defendants, by their attorney, Michael A. Cardozo, Corporation Counsel of the

City of New York, for their Answer to the Second Amended Complaint, respectfully allege as

follows:

          1.      Deny the allegations set forth in paragraph "1" of the second amended

complaint, except admit that that plaintiff purports to proceed as set forth therein.

          2.      Deny the allegations set forth in paragraph "2" of the second amended

complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as set forth

therein.

          3.      Deny the allegations set forth in paragraph "3" of the second amended

complaint.

4.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the second amended complaint.

5.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the second amended complaint, except admit that plaintiff was named project director, then interim-acting principal of the Khalil Gibran International Academy ("KGIA") and that she is an employee of the New York City Board of Education ("BOE") doing business as the New York City Department of Education.

6.    Deny the allegations set forth in paragraph "6" of the second amended complaint, except admit that defendant BOE is sued herein and is doing business as the New York City Department of Education ("DOE"), and respectfully refer the Court to New York Education Law §§ 2554, 2590-g and 2590-h, for a complete and accurate statement of the powers and duties of defendant New York City Board of Education.

7.    Deny the allegations set forth in paragraph "7" of the second amended complaint, except admit that defendant Klein is the Chancellor of the City School District of the City of New York.

8.    Admit the allegations set forth in paragraph "8" of the second amended complaint.

9.    Admit the allegations set forth in paragraph "9" of the second amended complaint. .

10.    Admit the allegations set forth in paragraph "10" of the second amended complaint.

11.    Admit the allegations set forth in paragraph "11" of the second amended complaint.

12.    Admit the allegations set forth in paragraph "12" of the second amended complaint.

13.    Deny the allegations set forth in paragraph "13" of the second amended complaint, except admit that plaintiff purports to proceed as set forth therein.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the second amended complaint.

15.    Deny the allegations set forth in paragraph "15" of the second amended complaint except admit that defendant Klein is the Chancellor of the City School District of the City of New York, defendant Stuart is the Superintendent of Community School District 13 in the City of New York, defendant Bloomberg is the Mayor of the City of New York and defendant Walcott is the Deputy Mayor for Education and Community Development of the City of New York.

16.    Deny the allegations set forth in paragraph "16" of the second amended complaint, except admit that to the extent that the second amended complaint alleges that an individual defendant took certain actions, that individual defendant's alleged actions were within the scope of his or her employment.

17.    Deny the allegations set forth in paragraph "17" of the second amended complaint, except admit that the City of New York is a public employer.

18.    Deny the allegations set forth in paragraph "18" of the second amended complaint.

19.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the second amended complaint.

20.    Deny the knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the second amended complaint.

21.    Deny the allegations set forth in paragraph "21" of the second amended complaint insofar as plaintiff alleges that relations between all ethnic and religious communities within the City of New York deteriorated rapidly after the attacks of September 11, 2001, and deny knowledge or information to form a belief as to the truth of the allegation that plaintiff worked with Community School District 15 to develop a multicultural task force for school staff and parents to promote school harmony.

22.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "22" of the second amended complaint, except deny knowledge or information to form a belief as to the truth of the allegation that plaintiff was a Cultural Diversity Coordinator for High Schools from September 2002 to August 2003.

23.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the second amended complaint.

24.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the second amended complaint.

25.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the second amended complaint.

26.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the second amended complaint.

27.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the second amended complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the second amended complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the second amended complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the second amended complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the second amended complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the second amended complaint, except deny the allegation that plaintiff received an Arab Heritage Recognition Award from the Mayor of the City of New York.

33.     Deny the allegations set forth in paragraph "33" of the second amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's discussions with New Visions for Public Schools ("New Visions").

34.     Deny the allegations set forth in paragraph "34" of the second amended complaint that plaintiff was forced to resign, admit that on February 12, 2007, the DOE announced the establishment of KGIA and that plaintiff was named project director, and deny knowledge or information sufficient to form a belief as to the truth of the other allegations set forth in paragraph "34."

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the second amended complaint.

36.    Deny the allegations set forth in paragraph "36" of the second amended complaint, except admit that plaintiff worked on preparing KGIA for its September 2007 opening, and that on July 2, 2007, she was assigned as interim-acting principal of KGIA.

37.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the second amended complaint.

38.    Deny the allegations set forth in paragraph "38" of the second amended complaint, except admit that at or about 1:06 p.m. on August 3, 2007, Lila Corn of WABC sent an e-mail to Melody Meyer of the DOE press office, and respectfully refer the Court to that e-mail for its complete text and import, and that at or about 1:49 p.m. on August 3, 2007, Ms. Meyer forwarded Ms. Corn's e-mail to plaintiff, and respectfully refer the Court to Ms. Meyer's August 3, 2007 e-mail to plaintiff forwarding Ms. Corn's e-mail for its complete text and import.

39.    Deny the allegations set forth in paragraph "39" of the second amended complaint, except admit that Chuck Bennett of the New York Post contacted the DOE and asked to interview plaintiff, that he sent an e-mail to Melody Meyer of the DOE press office at or about 12:12 p.m. August 5, 2007, that at or about 1:59 p.m. on August 5, 2007, Ms. Meyer forwarded Bennett's e-mail to plaintiff, and respectfully refer the Court to Ms. Meyer's August 5, 2007 e-mail to plaintiff forwarding Bennett's e-mail for its complete text and import.

40.    Deny the allegations set forth in paragraph "40" of the second amended complaint except admit that on August 5, 2007, plaintiff drafted responses to the questions asked by Chuck Bennett of the New York Post in his August 5, 2007 12:12 p.m. e-mail to Melody Meyer of the DOE, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph "40."

41.    Deny the allegations set forth in paragraph "41" of the second amended complaint.

42.    Deny the allegations set forth in paragraph "42" of the second amended complaint, except admit that Chuck Bennett's interview of plaintiff took place by telephone on August 5, 2007.

43.    Deny the allegations set forth in paragraph "43" of the second amended complaint, except admit that Melody Meyer was on the telephone line during Chuck Bennett's interview of plaintiff on August 5, 2007 and that she and plaintiff spoke by telephone after the interview concluded.

44.    Deny the allegations set forth in paragraph "44" of the second amended complaint, except admit that an article concerning Chuck Bennett's August 5, 2007 interview of plaintiff appeared in the New York Post on August 6, 2007 under the title "City Principal is Revolting," and respectfully refer the Court to that article for its complete text and import.

45.    Deny the allegations set forth in paragraph "45" of the second amended complaint, and respectfully refer the Court to the article referred to therein for its complete text and import.

46.    Deny the allegations set forth in paragraph "46" of the second amended complaint, and respectfully refer the Court to the e-mail from Melody Meyer to plaintiff at or about 1:46 p.m. on August 6, 2007 for its complete text and import, and deny knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff sent e-mails to various Jewish members of KGIA's advisory board and some Jewish friends.

47.    Deny the allegations set forth in paragraph "47" of the second amended complaint, and respectfully refer the Court to the e-mail from David Cantor to plaintiff and

Melody Meyer at or about 1:46 p.m. on August 6, 2007 that is referred to therein for its complete text and import.

48.    Deny the allegations set forth in paragraph "48" of the second amended complaint, except admit that a statement was drafted for plaintiff, that plaintiff proposed changes to the statement, that her proposed changes were not accepted and that the statement was issued on August 6, 2007.

49.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the second amended complaint.

50.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the second amended complaint.

51.    Deny the allegations set forth in paragraph "51" of the second amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in the first sentence of that paragraph, and admit that plaintiff and defendant Walcott met on August 9, 2007.

52.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the second amended complaint, except admit that plaintiff faxed a letter to the DOE on August 9, 2007, stating, among other things, that she was resigning as interim-acting principal of KGIA, and respectfully refer the Court to that letter for its complete text and import.

53.    Admit the allegations set forth in paragraph "53" of the second amended complaint.

54.    Deny the allegations set forth in paragraph "54" of the second amended complaint, except admit that the DOE has opened new schools, that the person who heads a new

school when it opens has the title of interim-acting principal, that the DOE posts the position of principal and that the principal is chosen through the process set forth in Chancellor's Regulation C-30.

55.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the second amended complaint, except admit that the closing date for applying for the position of principal of KGIA was October 16, 2007.

56.    Deny the allegations set forth in paragraph "56" of the second amended complaint, except admit that Garth Harries, who, as head of the DOE's Office of New Schools, worked with plaintiff and New Visions during the period that KGIA was being developed, and that between the date that plaintiff resigned as interim-acting principal of KGIA and October 2007, plaintiff and Mr. Harries spoke about potential job opportunities for plaintiff at the DOE.

57.    Deny the allegations set forth in the fourth sentence of paragraph "57" of the second amended complaint, except admit that plaintiff advised Garth Harries in October 2007 that she was considering applying for the position of principal of KGIA.

58.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the second amended complaint, except admit that plaintiff applied for the position of principal of KGIA on the OpenHire website.

59.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the second amended complaint, and respectfully refer the Court to the article in the New York Times referred to therein for its complete text and import.

60.    Deny the allegations set forth in paragraph "60" of the second amended complaint, and respectfully refer the Court to Chancellor's Regulation C-30 dated October 10, 2007 for its complete text and import.

61.    Deny the allegations set forth in paragraph "61" of the second amended complaint, and respectfully refer the Court to New York Education Law §2590-i(2)(c) for its complete text and import.

62.    Deny the allegations set forth in paragraph "62" of the second amended complaint, except admit that in late October 2007, defendant Stuart received the applications of those persons eligible to apply for the position of principal of KGIA, including plaintiff's application.

63.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the second amended complaint.

64.    Deny the allegations set forth in paragraph "64" of the second amended complaint, except admit that defendant Stuart discussed plaintiff's application with a representative of New Visions and that defendant Stuart selected four applicants to be interviewed by the Level I Committee.

65.    Deny knowledge or information sufficient to form believe as to the truth of the allegations set forth in set forth in paragraph "65" of the second amended complaint, except admit that in January 2008, Holly Reichert was appointed to the position of principal of KGIA.

66.    Deny the allegations set forth in paragraph "66" of the second amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the

allegation that there were two other Arab-American applicants for the position of principal of KGIA.

        67.     Deny the allegations set forth in paragraph "67" of the second amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as to what plaintiff believes.

        68.     Deny the allegations set forth in paragraph "68" of the second amended complaint.

        69.     Deny the allegations set forth in paragraph "69" of the second amended complaint.

        70.     Deny the allegations set forth in paragraph "70" of the second amended complaint.

        71.     Deny the allegations set forth in paragraph "71" of the second amended complaint.

        72.     Deny the allegations set forth in paragraph "72" of the second amended complaint.

        73.     Deny the allegations set forth in paragraph "73" of the second amended complaint.

        74.     Deny the allegations set forth in paragraph "74" of the second amended complaint.

        75.     Deny the allegations set forth in paragraph "75" of the second amended complaint.

        76.     Deny the allegations set forth in paragraph "76" of the second amended complaint.

77.    Deny the allegations set forth in paragraph "77" of the second amended complaint.

78.    In response to paragraph "78" of the second amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "77" of their answer.

79.    Deny the allegations set forth in paragraph "79" of the second amended complaint, except admit that plaintiff made statements to Chuck Bennett of the New York Post in an interview on August 5, 2007.

80.    Deny the allegations set forth in paragraph "80" of the second amended complaint.

81.    Deny the allegations set forth in paragraph "81" of the second amended complaint.

82.    Deny the allegations set forth in paragraph "82" of the second amended complaint.

83.    Deny the allegations set forth in paragraph "83" of the second amended complaint.

84.    Deny the allegations set forth in paragraph "84" of the second amended complaint.

85.    Deny the allegations set forth in paragraph "85" of the second amended complaint.

86.    Deny the allegations set forth in paragraph "86" of the second amended complaint, and affirmatively state that plaintiff did not engage in speech protected by either the

First Amendment to the United States Constitution or Article I, §8 of the New York State Constitution.

87.    Deny the allegations set forth in paragraph "87" of the second amended complaint.

88.    Deny the allegations set forth in paragraph "88" of the second amended complaint.

89.    Deny the allegations set forth in paragraph "89" of the second amended complaint.

90.    In response to paragraph "90" of the second amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "89" of their answer.

91.    Deny the allegations set forth in paragraph "91" of the second amended complaint.

92.    Deny the allegations set forth in paragraph "92" of the second amended complaint, and affirmatively state that plaintiff did not engage in speech protected by either the First Amendment to the United States Constitution or Article I, §8 of the New York State Constitution.

93.    Deny the allegations set forth in paragraph "93" of the second amended complaint.

94.    Deny the allegations set forth in paragraph "94" of the second amended complaint.

95.    Deny the allegations set forth in paragraph "95" of the second amended complaint.

96.    In response to paragraph "96" of the second amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "95" of their answer.

97.    Deny the allegations set forth in paragraph "97" of the second amended complaint.

98.    Deny the allegations set forth in paragraph "98" of the second amended complaint.

99.    Deny the allegations set forth in paragraph "99" of the second amended complaint.

100.    Deny the allegations set forth in paragraph "100" of the second amended complaint.

101.    Deny the allegations set forth in paragraph "101" of the second amended complaint.

102.    Deny the allegations set forth in paragraph "102" of the second amended complaint.

103.    In response to paragraph "103" of the second amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "102" of their answer.

104.    Deny the allegations set forth in paragraph "104" of the second amended complaint.

105.    Deny the allegations set forth in paragraph "105" of the second amended complaint.

106.     Deny the allegations set forth in paragraph "106" of the second amended complaint.

107.     Deny the allegations set forth in paragraph "107" of the second amended complaint.

108.     Deny the allegations set forth in paragraph "108" of the second amended complaint.

109.     Deny the allegations set forth in paragraph "109" of the second amended complaint.

110.     Deny the allegations set forth in paragraph "110" of the second amended complaint.

111.     Deny the allegations set forth in paragraph "111" of the second amended complaint.

112.     In response to paragraph "112" of the second amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "111" of their answer.

113.     Deny the allegations set forth in paragraph "113" of the second amended complaint.

114.     Deny the allegations set forth in paragraph "114" of the second amended complaint.

115.     Deny the allegations set forth in paragraph "115" of the second amended complaint.

116.     Deny the allegations set forth in paragraph "116" of the second amended complaint.

117.    Deny the allegations set forth in paragraph "117" of the second amended complaint.

118.    In response to paragraph "118" of the second amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "117" of their answer.

119.    Deny the allegations set forth in paragraph "119" of the second amended complaint.

120.    Deny the allegations set forth in paragraph "120" of the second amended complaint.

121.    In response to paragraph "121" of the second amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "120" of their answer.

122.    Deny the allegations set forth in paragraph "122" of the second amended complaint.

123.    Deny the allegations set forth in paragraph "123" of the second amended complaint.

124.    In response to paragraph "124" of the second amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "123" of their answer.

125.    Deny the allegations set forth in paragraph "125" of the second amended complaint.

126.     Deny the allegations set forth in paragraph "126" of the second amended complaint, except admit that the second amended complaint was served on the Office of the Corporation Counsel of the City of New York.

127.     Deny the allegations set forth in paragraph "127" of the second amended complaint.

128.     In response to paragraph "128" of the second amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "127" of their answer.

129.     Deny the allegations set forth in paragraph "129" of the second amended complaint.

130.     Deny the allegations set forth in paragraph "130" of the second amended complaint.

131.     In response to paragraph "131" of the second amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "130" of their answer.

132.     Deny the allegations set forth in paragraph "132" of the second amended complaint.

133.     Deny the allegations set forth in paragraph "133" of the second amended complaint.

134.     In response to paragraph "134" of the second amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "134" of their answer.

135.    Deny the allegations set forth in paragraph "135" of the second amended complaint.

136.    Deny the allegations set forth in paragraph "136" of the second amended complaint.

137.    Deny the allegations set forth in paragraph "137" of the second amended complaint.

## FOR A FIRST DEFENSE:

138.    The complaint fails to state a claim, in whole or in part, upon which relief can be granted.

## FOR A SECOND DEFENSE:

139.    Defendants Klein, Stuart, Bloomberg and Walcott are immune from suit under the doctrines of absolute and/or qualified immunity.

## FOR A THIRD DEFENSE:

140.    To the extent that plaintiff seeks either front pay or back pay, such relief is barred by her failure to mitigate her damages.

## FOR A FOURTH DEFENSE:

141.    Plaintiff's First Amendment claim and her claim under Article I, §8 of the New York State Constitution are barred by the doctrines of collateral estoppel and/or res judicata and/or law of the case.

**WHEREFORE,** defendants request judgment dismissing the second amended complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           May 7, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants
                              100 Church Street, Room 2-101
                              New York, New York 10007
                              (212) 788-0884

                     By:     _____
                              PAUL MARKS
                              Assistant Corporation Counsel
                              (PM 9558)

- 19 -

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2008, I caused a true and correct copy of the foregoing

Answer to the Second Amended Complaint to be served by mail on Cynthia Rollings of Beldock

Levine & Hoffman, attorneys for plaintiff, at 99 Park Avenue, New York, New York 10016.

Dated: New York, New York
      May 7, 2008

 

                                      PAUL MARKS (PM 9558)
                                      Assistant Corporation Counsel

CV-07-10444 (SHS) (FM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBBIE ALMONTASER,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION; JOEL KLEIN, individually and in his official capacity as Chancellor of the New York City Department of Education; ROSEMARY STUART, individually and in her official capacity as Community Superintendent of District 15 and Hiring Manager; CITY OF NEW YORK; MICHAEL BLOOMBERG, individually and in his official capacity as Mayor of the City of New York; DENNIS WALCOTT, individually and in his official capacity as Deputy Mayor for Education and Community Development,

Defendants.

## ANSWER TO THE SECOND AMENDED COMPLAINT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Paul Marks*
*Tel: (212) 788-0884*
*NYCLIS No. 2007-038024*

*Due and timely service is hereby admitted*

*New York, N.Y.* . . . . . . . . . . . . . . . . . . . . *200* . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *Esq*

*Attorney for* . . . . . . . . . . . .